# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JCF BRIDGE & CONCRETE, INC., § § § *Plaintiff,* § v. § § LEXICON, INC. d/b/a HERITAGE LINKS § and TRAVELERS CASUALTY AND § SURETY COMPANY OF AMERICA, § § *Defendants.* § | Civil Action No. 4:21-CV-00955 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff JCF Bridge & Concrete, Inc.'s Motion to Remand (Dkt. #9). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

Plaintiff JCF Bridge & Concrete, Inc. brought this action against Defendants Lexicon, Inc. d/b/a Heritage Links and Travelers Casualty and Surety Company of America in the 431st District Court of Denton, County, Texas. Plaintiff alleged breach of contract, quantum meruit, and entitlement to a bond payment and interest (Dkt. #2). On December 6, 2021, Defendants removed the action to the undersigned Court (Dkt. #1). On January 5, 2022, Plaintiff filed a Complaint in this Court that is identical to the original state court petition (Dkt. #7). On the same day, Plaintiff filed the present motion to remand, asserting that it seeks to join a necessary party to the dispute— and that party will break the complete diversity that currently exists (Dkt. #9). This document contains, as an attachment, Plaintiff's unfiled First Amended Complaint (Dkt. #7-1). Defendants

responded on January 19, 2022 (Dkt. #10). Plaintiff filed its reply on January 26, 2022 (Dkt. #13). Defendants filed their sur-reply on February 2, 2022 (Dkt. #18).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

Plaintiff does not dispute that removal was proper in this case. First, there is complete diversity: Plaintiff is a citizen of Texas, Defendant Heritage Links is a citizen of Arkansas, and Defendant Travelers in a citizen of Connecticut. Second, the amount in controversy exceeds $75,000, and third, Defendants timely removed the case. However, Plaintiff asserts that, given the

facts of this case, it must join a necessary party to the action, and that party is a citizen of Texas. Thus, Plaintiff argues, when this Defendant is joined, complete diversity will not exist, and this Court will no longer have subject matter jurisdiction to hear the case.

Defendants argue that the operative Complaint (Dkt. #7) governs and does not include any parties that disturb complete diversity, rendering Plaintiff's basis for remand premature. Defendants further contend that, even if Plaintiff attempted to add the party it so seeks, it will be to no avail—joinder is improper.

"As a general matter, the jurisdictional determination is based on the status of the parties at the time of removal and post-removal events will not divest the court of the power to hear a case." *LC Farms, Inc. v. McGuffee*, No. 2:12-CV-165, 2012 WL 5879433, at *2 (N.D. Miss. Nov. 21, 2012) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "However, in the event that, after removal, the plaintiff seeks to join additional defendants whose presence would destroy diversity jurisdiction, the court is permitted to either deny joinder or allow such joinder and immediately remand the action to state court." *Id.* (citing 28 U.S.C. § 1447(e)). "Thus, the Fifth Circuit has held that although post-removal developments will not typically strip a federal court of jurisdiction, the addition of a non-diverse defendant will indeed do so." *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)).

While the addition of a non-diverse defendant may strip this Court of jurisdiction, a diversity-destroying defendant is not currently a party to this suit. Plaintiff has not filed a motion for leave to amend its Complaint or a motion for joinder. The operative Complaint only names Heritage Links and Travelers Casualty as Defendants—neither of which are citizens of Texas. Consequently, at this time there is complete diversity among the parties, which, in combination with the amount in controversy supports this Court's subject matter jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff JCF Bridge & Concrete, Inc.'s Motion to Remand (Dkt. #9) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 8th day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE